UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

ROBERT E. KINZEY, JR., :
:
       Plaintiff :
: NO. 3:CV-05-2198
-vs- :
: (Judge Kosik)
:
JEFFREY A. BEARD, Ph.D., :
FRANKLIN J. TENNIS, and :
RICHARD S. ELLERS, :
:
       Defendants :

## **MEMORANDUM**

Before the court are the defendants' objections to the Report and Recommendation of Magistrate Judge Malachy E. Mannion filed on September 1, 2006. For the reasons which follow, we will adopt the Report and Recommendation of the Magistrate Judge and we will remand the instant action to the Magistrate Judge for further proceedings.

Background

Plaintiff, Robert E. Kinzey, Jr., filed the instant civil rights action pursuant to 42 U.S.C. §1983 on October 27, 2005. Named as defendants are Jeffrey A. Beard, Secretary of the Pennsylvania Department of Corrections, Franklin J. Tennis, Superintendent at the State Correctional Institution Rockview and Richard S. Ellers, Health Care Administrator/A.D.A. Coordinator at SCI-Rockview. The basis of plaintiff's complaint is that defendants failed to accommodate his disabilities while he was housed at SCI-Rockview.

On February 24, 2006, defendants filed a motion to dismiss the plaintiff's complaint. The Magistrate Judge converted the motion to one for summary judgment and appropriate briefs and documents were submitted by the parties.

On September 1, 2006, the Magistrate Judge filed a Report and Recommendation wherein he recommended that the motion for summary judgment be granted in part and denied in part. Specifically, the Magistrate Judge recommended that the plaintiff's claims for injunctive relief be dismissed as moot. The Magistrate Judge also recommended that the defendants' motion should be denied to the extent defendants sought to have the complaint dismissed for failure to exhaust administrative remedies.

On September 15, 2006, the defendants filed objections to the Report and Recommendation of the Magistrate Judge and a brief in support thereof. The objections are based on the Magistrate Judge's recommendation that their motion should be denied to the extent that defendants argue that the complaint should be dismissed for plaintiff's failure to exhaust administrative remedies.

## Discussion

When objections are filed to a Report and Recommendation of a Magistrate Judge, we must make a *de novo* determination of those portions of the Report to which objections are made. 28 U.S.C. §636(b)(1)(C); *see* *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). In doing so, we may accept, reject or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. §636(b)(1); Local Rule 72.3. Although our review is *de novo*, we are permitted by statute to rely upon the Magistrate Judge's proposed recommendations to the extent we, in the exercise of sound judgment, deem proper. *United States v. Raddatz*, 447 U.S. 667, 676 (1980).

We find that the Magistrate Judge set out the procedural history in this case in great detail and we will not repeat it here. We will only address the procedural history as it relates to defendants' objections.

In the brief in support of their objections, defendants argue that pursuant to an amendment to DC-ADM 804, which relates to the Inmate Grievance System, an inmate must specifically request compensation in the initial grievance in order to exhaust

-2-

administrative remedies. Because plaintiff did not seek compensation in his grievance, defendants argue that he may not seek monetary relief in this court.[1]

In his Report and Recommendation, the Magistrate Judge points out that plaintiff submitted a grievance on July 15, 2005 complaining that he was being discriminated against because he is handicapped and because the facilities at SCI-Rockview were not ADA compliant. The Magistrate Judge then outlines the steps taken by the prison officials in response to plaintiff's grievance. Specifically, the Magistrate Judge discusses the two administrative policies under which plaintiff's grievance was processed, DC-ADM 804 and DC-ADM 006. The Magistrate Judge found that:

> In this case, the plaintiff filed a grievance under DC-ADM 804 complaining of his condition and requesting accommodations under the ADA. The plaintiff's grievance was not rejected as improper. Instead, it was assigned a grievance number and Mr. Rackovan informed the plaintiff that, in accordance with DC-ADM 804, an extension of time was being granted to investigate the plaintiff's claims. Subsequently, although officials intermittently referred to the plaintiff's matter by the grievance number, his claims were actually considered under the procedures contained in DC-ADM 006. To this extent, the plaintiff's claims were referred to defendant Ellers, the ADA Coordination, who investigated the matter and sent recommendations to the Facility Manager and the Regional Deputy Secretary. At one point, defendant Ellers was provided an extension of time to complete his investigation into the plaintiff's claims, with Mr. Rackovan sending the plaintiff a copy of DC-ADM 006 and informing the plaintiff that defendant Ellers had 45 days pursuant to this policy to complete his investigation and make recommendations. Ultimately, it was decided that accommodations could not be made for the plaintiff and it was determined that he should be transferred to an ADA compliant facility. Once the plaintiff received this response, it being clear to him that he was not going to receive a response under DC-ADM 804, he took no further action, other than to notify officials that he would be filing a claim in the courts. The court notes that, during his administrative proceedings, the plaintiff submitted correspondence to officials stating that he had filed his claim as a grievance and inquiring

---

[1] We note that it is not disputed that because plaintiff was transferred from SCI-Rockview, his claims for injunctive relief are moot. Because no objections were filed to this portion of the Report and Recommendation, we will adopt the Magistrate Judge's recommendation on this issue without discussion.

-3-

> as to why it was not being responded to as such, (i.e., he never received a response pursuant to DC-ADM 804 (VI)(B)(7), Initial Review Response, indicating whether his grievance was upheld, denied or resolved). No direct response was given to the plaintiff, with only an indication that the matter was referred to defendant Ellers, and that the plaintiff would receive a response when defendant Ellers had completed his investigation.
>
> Based upon the above, it is apparent that the plaintiff did not exhaust his administrative remedies pursuant to DC-ADM 804. It is equally apparent, however, that his failure to do so was due, in large part, to the manner in which his grievance was handled. At times, the plaintiff's submission was referred to as a grievance pursuant to DC-ADM 804. Despite this, the plaintiff never received a response from the Grievance Officer pursuant to DC-ADM 804(VI)(B)(7), which the plaintiff could challenge or appeal. (footnote omitted). Moreover, instead of following the procedures set forth in DC-ADM 804, officials considered the plaintiff's claim under the procedures set forth in DC-ADM 006. Given the manner in which the plaintiff's submission was handled, it is understandable why the plaintiff made the statement that he did in his complaint with respect to the exhaustion of administrative remedies. He submitted a grievance pursuant to DC-ADM 804. That grievance was never rejected and was never responded to in the manner provided for in DC-ADM 804. Instead, although it was intermittently referred to by the grievance number, officials handled the matter under the provisions of DC-ADM 006. Therefore, the plaintiff can hardly be faulted for his confusion over what further steps needed to be taken in order to properly exhaust his administrative remedies.

We adopt the Magistrate Judge's analysis. While defendants' objections point out that DC-ADM 804 was amended to require an inmate to specifically request compensation in order to fully exhaust his claim, no such requirement is set forth in DC-ADM 006. We agree with the Magistrate Judge's finding that the procedure implemented in resolving plaintiff's claim was unusual and that the plaintiff attempted to clarify the procedure through which his grievance was being processed. Based on the circumstances of the instant case, we find that while it is true that plaintiff did not specifically request monetary damages pursuant to DC-ADM 804, he should not be faulted for any confusion on his part. We agree with the Magistrate Judge that plaintiff sufficiently exhausted his administrative remedies for purposes of this action.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

ROBERT E. KINZEY, JR., :
:
       Plaintiff :
: NO. 3:CV-05-2198
   -vs- :
: (Judge Kosik)
:
JEFFREY A. BEARD, Ph.D., :
FRANKLIN J. TENNIS, and :
RICHARD S. ELLERS, :
:
       Defendants :

## **ORDER**

NOW, THEREFORE, THIS 29th day of SEPTEMBER, 2006, IT IS HEREBY ORDERED THAT:

(1) The Report and Recommendation of Magistrate Judge Malachy E. Mannion dated September 1, 2006 (Document 41) is **ADOPTED**;

(2) The defendants' objections that the plaintiff's complaint should be dismissed for failure to exhaust administrative remedies are **DISMISSED**;

(3) The plaintiff's claims for injunctive relief are **DISMISSED AS MOOT**; and,

(4) The above-captioned action is **REMANDED** to the Magistrate Judge for further proceedings.

                                                s/Edwin M. Kosik
                                         United States District Judge